[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 6, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-16585
Non-Argument Calendar

_____

Agency Nos. A96-271-426
A96-271-427

GUSTAVO ADOLFO RESTREPO-VELASQUEZ,
LUZ ALBA BEDOYA BEDOYA,
ALEJANDRA RESTREPO BEDOYA,
SANTIAGO RESTREPO BEDOYA,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(August 6, 2007)

Before TJOFLAT, BIRCH and PRYOR, Circuit Judges.

PER CURIAM:

Gustavo Adolfo Restrepo-Velasquez, a native and citizen of Colombia, petitions for review of the order of the Board of Immigration Appeals that denied his motion to reopen his application for asylum and withholding of removal. Restrepo-Velasquez argues that the BIA abused its discretion when it denied his motion to reopen without considering the newly offered evidence. Because the evidence offered was not material, we deny the petition.

The IJ denied Restrepo-Velasquez's application for asylum because extortion, not political persecution, motivated the incidents Restrepo-Velasquez alleged. Restrepo-Velasquez filed two motions to reopen alleging he had new evidence that established that he would be persecuted if returned to Colombia. Both were denied. Restrepo-Velasquez appeals the denial of the second motion to reopen.

We review the denial of a motion to reopen removal proceedings for an abuse of discretion. Ali v. U.S. Att'y Gen., 443 F.3d 804, 808 (11th Cir. 2006). "Our review is limited to determining whether there has been an exercise of administrative discretion and whether the ma[nn]er of exercise has been arbitrary or capricious." Id. (internal quotation marks and citations omitted). The BIA may grant a motion to reopen if the movant presents new evidence that is material and was not available and could not have been discovered or presented at the removal hearing. See 8 C.F.R. § 1003.2(c)(1). A petitioner is ordinarily permitted to file

2

one motion to reopen within 90 days of the date of the final order of removal, see 8 U.S.C. § 1229a(c)(7)(C)(i), but the time and numerical limitations do not apply to the filing of a motion to reopen based on changed country conditions if the motion is supported by evidence that is "material and was not available and would not have been discovered or presented at the previous proceeding," 8 U.S.C. § 1229a(c)(7)(C)(ii); see also 8 C.F.R. § 1003.2(c)(3)(ii).

The BIA did not abuse its discretion when it denied the second motion to reopen. Contrary to Restrepo-Velasquez's contention, the BIA considered the new evidence and found that it was not material because it did not establish that Restrepo-Velasquez was being persecuted on account of a protected ground. We agree. None of the new evidence establishes a connection between the alleged persecution and Restrepo-Velasquez's political opinion.

Restepo-Velasquez's petition for review is

**DENIED.**

3